UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN 1 5 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**Cerron Hawkins,**

    **Plaintiff,**

v.

**The Hon. Jose Lopez,**

    **Defendant.**

Civil Action No. 10 0998

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's pro se complaint and application to proceed without prepayment of fees. The application will be granted, and the complaint will be dismissed.

The plaintiff, Cerron Hawkins, alleges that his "constitutional rights have been violated" in connection with two cases pending in the Superior Court of the District of Columbia, over which the defendant, Judge Jose Lopez, presided. Compl. at 1. Although the factual allegations in the complaint leave much in question, it appears that in late March 2010, Hawkins was ordered to vacate his property, and that Hawkins has both moved for reconsideration of, and taken an appeal from, this decision. *Id.* at 2. It also appears that Hawkins has more recently been cited for criminal contempt of court. *Id.* In this filing, Hawkins asks this court to intercede in the proceedings in Superior Court, by staying the order, and to permanently bar Judge Lopez from hearing any case involving Hawkins. Id. at 3. He also seeks "an amercement for the wrongful eviction and emotional distress inflicted by the Honorable Jose Lopez's negligence." *Id.* (spelling altered).

Although this court may have jurisdiction over alleged violations of constitutional rights, *see* 28 U.S.C. § 1331, the complaint does include any factual allegations that would support

such a claim. A complaint cannot survive on a conclusory claim unsupported by factual allegations. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (stating that a court need not accept a plaintiff's legal conclusions or inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint requires "more than labels and conclusions"); *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (a complaint fails "if it tenders naked assertions devoid of further factual enhancements") (internal quotation marks and alterations omitted).

Furthermore, the relief Hawkins seeks is not available from this court. To the extent that the complaint seeks damages ("amercement," *see* Compl. at 3), for Judge Lopez's alleged negligence in adjudicating the cases involving Hawkins, the judge is immune from such a suit. *Mireles v. Waco,* 502 U.S. 9 (1991). Moreover, this court does not supervise the Superior Court and is without any authority to intercede, or to issue stay orders, in the Superior Court proceedings or the appeal to the Court of Appeals for the District of Columbia. Accordingly, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

A separate order accompanies this memorandum opinion.

Date: 5/26/10

United States District Judge